CAMP v. CAMP.

No. 31848. Sept. 25, 1945.

Rehearing Denied Nov. 6, 1945.

Application for Leave to File Second Petition for Rehearing Denied Dec. 4, 1945.

*163 P. 2d 970.*

Henry Stephenson and Clem H. Stephenson, both of Okemah, for plaintiff in error.

Arthur Cochran and William L. Seawell, both of Okemah, and Crump & Carver, of Wewoka, for defendant in error.

RILEY, J. Plaintiff in error, Sterling L. Camp, commenced this action against his brother, T. P. Camp, to recover a half interest in real and personal property alleged to be presently owned by a partnership, consisting of the two brothers, but conveyed and transferred by plaintiff to defendant as a result of fraud and undue influence.

As incidents to recovery, plaintiff sought an accounting, a receivership, dissolution of partnership, and cancellation of instruments by which plaintiff had conveyed and transferred his interest in the partnership property to his brother.

In 1913 the brothers formed a partnership and devoted their energy to farming and ranching. In May, 1941, plaintiff suffered a paralytic stroke and at that time he was contemplating a divorce from his wife, Effie Camp. On

November 15, 1941, the brothers entered into a written agreement and statement of partnership accounts showing an indebtedness due from plaintiff to defendant in the sum of $30,000, and it was agreed that plaintiff was obligated to pay the amount of the indebtedness in order to maintain his equal share in the partnership, and that plaintiff might pay the sum agreed to be due either from his own separate funds or by a half interest in the partnership property "as a full payment and satisfaction" of the obligation recognized.

On November 26th thereafter, Sterling L. Camp, joined by his wife, conveyed and transferred to T. P. Camp, defendant, plaintiff's interest in the partnership property. On the same day plaintiff obtained from his wife an uncontested divorce decree and the wife was induced to accept, as a property settlement, the sum of $1,000, together with a void alimony award at the rate of $50 per month but lacking definiteness as to the total amount. Thereafter Effie Camp, plaintiff's former wife, commenced proceedings to vacate the void alimony award and to recover, as jointly acquired property, a share of the alleged partnership property equal in value to one-half of Sterling L. Camp's interest. Defendant T. P. Camp was made a party to those proceedings. Therein Sterling L. Camp's conveyances and transfers in partnership property were sought to be avoided under pleadings and proof of a conspiracy existing between the brothers, plaintiff and defendant, to defraud movant of her just share of the property, and it was pleaded that the conspiracy was consummated by Sterling L. Camp's conveyances and transfers of the partnership property to defendant T. P. Camp.

In those proceedings, a verified reply was filed by Sterling L. Camp. Therein he pleaded the truth of his indebtedness to his brother in an amount in excess of plaintiff's interest in the partnership property, and satisfaction of that indebtedness by the conveyances and transfers of November 26, 1941, executed by plaintiff with the knowledge and consent of movant, Effie Camp. Sterling L. Camp testified in those proceedings according to his pleadings therein, the substance of which was that the indebtedness to his brother was bona fide; that he wanted to settle the indebtedness and get the divorce; that he satisfied the indebtedness by the conveyances and transfers, and that thereafter he had no interest in the land or personal property theretofore belonging to the partnership.

Plaintiff herein readily admits his perjury upon the vital issue involved in the divorce proceedings, which is the identical vital issue involved herein. Plaintiff seeks to avoid the usual, equitable consequences of his conduct by reliance upon his own irresponsibility and defendant's aggressiveness and fraud. From consideration of plaintiff's testimony as a whole, the trial court was probably of the view that plaintiff, in the divorce proceeding, was cognizant of his own interest and testified falsely to serve that interest rather than as a result of any overpowering influence exerted by the defendant or resultant from disease. In those proceedings, the movant's claim for alimony was defeated by the wrong of plaintiff except to the extent that the amount was fixed in a definite sum and made payable by both brothers, at the same monthly rate as before. In the case at bar, the trial court found the evidence insufficient to avoid the settlement contemplated in the account stated between the parties on November 15, 1941; that plaintiff had not come into court with clean hands and it was found that the alleged oral agreement to reconvey the real estate involved, being violation of the statute of frauds, was unenforceable. Judgment was denied defendant on his cross-petition and plaintiff's action was dismissed.

As we view the record, the judgment of the trial court is sustained under the view that plaintiff has not come into court with clean hands. The principle is fundamental of equity jurisprudence, 19 Amer. Juris. 323-4, and signifies that

a litigant may be denied relief on the ground that his conduct has been inequitable. Inequitable conduct justifying denial of relief extends not only to parties dealing with each other but as well to private rights and interests of third persons.

"Equity will not lend its aid in any manner to one seeking its active interposition, who has been guilty of unlawful or inequitable conduct in the matter with relation to which he seeks relief." 30 C. J. S. 475-6; Dow v. Worley, 126 Okla. 175, 256 P. 56; Murphy v. Garfield Oil Co., 98 Okla. 273, 225 P. 676; Rust et al. v. Gillespie, 90 Okla. 59, 216 P. 480.

In the latter case it was held:

"Under the maxim, 'he who comes into equity must come with clean hands,' a court of equity will not lend its aid in any manner to one who has been guilty of unlawful or inequitable conduct in a transaction from which he seeks relief, nor to one who has been a participant in a transaction, the purpose of which was to defraud a third person, to defraud creditors, or to defraud the government, nor to a party to a transaction whose purpose is violative of public policy."

So that, though it be conceded that defendant T. P. Camp was a moving factor in a scheme to deprive plaintiff's former wife from obtaining a just judgment by a division in value of the partnership property jointly acquired, if plaintiff served his interest in those proceedings by his wrong, the parties are held in pari delicto and "Equity will not relieve one party against another when both are in pari delicto; where both are equally in the wrong, defendant holds the stronger ground." 30 C.J.S. 479; Cosden Oil & Gas Co. v. Hendrickson, 96 Okla. 206, 221 P. 86.

From the record as a whole, the judgment of the trial court must be sustained. That the trial court assigned an additional reason for its holding, that may not apply, is immaterial. Likewise, the failure of the trial court to extend the findings of fact is immaterial.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.