## CAMP v. CAMP.

No. 31848. March 26, 1946.

170 P. 2d 542.

ARNOLD, J. (dissenting.) The mandate in this case was issued immediately after the order overruling the second petition for rehearing was entered. I think the mandate should be recalled and the case resubmitted and another opinion written that will do substantial justice. In my judgment the result of the opinion in this cause does a grave injustice to one of the litigants and permits another to greatly enrich himself by his dominating misconduct.

By his first cause of action plaintiff, Sterling L. Camp, sought to cancel a purported account stated between him and T. P. Camp, and also to cancel and set aside a warranty deed and bill of sale which purportedly conveyed to T. P. Camp all of the undivided one-half interest of Sterling L. Camp in and to the partnership property known as the Camp Ranch.

It appears from the record that these brothers, who are now Sterling 72 and Tom 62 years of age, respectively, entered into partnership in 1913 for the purpose of conducting a farming and ranching business. They were successful and acquired considerable property, which at the date of the trial was estimated to be of the value of $150,000. T. P. Camp kept the records of the partnership, while Sterling Camp did the buying and trading for the farm.

Early in 1941, Sterling L. Camp, who had been in poor health for some time, had a paralytic stroke which rendered him practically helpless and which confined him to a hospital, where he was frequently given narcotics, almost continuously from May of that year to some time in October. His mind was greatly impaired. While in this condition he decided to obtain a divorce from his wife. After various conferences with his brother, T. P. Camp, it was mutually decided to show a substantial indebtedness from Sterling to Tom in order to minimize the wife's claim for alimony when the divorce action was filed. Pursuant to these conferences Tom took Sterling to Shawnee and employed an attorney to represent Sterling in his divorce action, to prepare the agreement between the parties and the warranty deed and bill of sale thereafter executed. Pursuant to this, on November 15, 1941, a written agreement was entered into and signed by plaintiff and defendant purporting to be an account stated between them of the partnership business. The material language of this agreement is:

"S. L. Camp and T. P. Camp having made an account of their partnership business and affairs and after careful checking of their records and charging each of said partners with all ·sums drawn from the partnership funds during the period of the existehce of their partnership, and giving ,credit to each of all sums advanced for the benefit of said partnership, hereby stipulate and agree that S. L. Camp is due to T. P. Camp the sum of $30,000.00, which sum S. L. Camp agrees to pay to T. P. Camp personally from his own separate individual funds or from his one-half interest in the partnership business, it being agreed that in order for S. L. Camp to have an equal share in said partnership that he is obligated to pay to the said T. P. Camp the aforesaid sum.

"T. P. Camp on his part agrees to accept the said sum of $30,000.00 to be paid by the said S. L. Camp from his separate funds or from his one-half interest in the partnership property as full payment and satisfaction of all charges, claims and obligations of the said S. L. Camp for a one-half interest in the said partnership property."

This instrument was not filed for record until March, 1943.

On November 26, 1941, Sterling L. Camp executed a warranty deed and a bill of sale purporting to convey to his brother all of his right, title, and interest in and to the real and personal property of the partnership. It was necessary that the wife join in the warranty deed and it was presented to her by Tom Camp on the 23rd day of November for her signature. She refused to sign and whatever representations that were made to induce her signature thereto, subsequently, were made by Tom P. Camp and not by Sterling. On the 26th of November, after repeated conversations between her and Tom Camp, she executed these instruments.

The major premise on which the opinion in this case is based is the admission by Sterling L. Camp that his indebtedness to his brother, as shown in the written agreement between them, was made for the purpose of defrauding his wife, Effie, and that his testimony in the divorce proceeding in which he affirmed such indebtedness to his brother was false.

Conceding for the present purpose the correctness of the conclusion reached by the trial court, and by this court in its opinion, that the written agreement between the brothers was entered into for the purpose of defrauding the wife of Sterling Camp and that equity will not aid one who has been guilty of such inequitable conduct, still I think there is a broad distinction to be noted between the written agreement of the parties and the subsequent conveyances which were executed by Effie Camp at the urging and solicitation of Tom Camp. If she was induced to execute these instruments through fraudulent representations, those representations were made by Tom Camp and not by Sterling. She knew the effect of those conveyances was to vest record title in Tom Camp to Sterling's undivided one-half interest in the partnership property. Therefore, their execution by her was with full knowledge.

On the trial of the case the trial court took the position, and so ruled, that plaintiff must limit his evidence to an attack upon the written agreement between the brothers; that until he established the invalidity of this agreement he would not be permitted to introduce evidence attacking the validity of the warranty deed and bill of sale. This ruling of the court is shown on page 339 of the record as follows:

"Mr. Crump: May it please the Court, I ask for the rule now to require the plaintiff to confine the evidence to the agreement of statement of account signed by the parties on the 15th day of November, 1941. If that account stated is not set aside, of course, it will save lots of time, of the Court, and lots of trouble with the witnesses to go into that: We plead an account stated. "The Court: I think that is the rule."

I think the ruling of the trial court was clearly erroneous and prejudicial to the plaintiff. It precludes him from canceling the warranty deed and bill of sale for fraud until he had established the invalidity of the written agreement purporting to be an account stated of the partnership business. In that written agreement one of the methods agreed upon between the parties by which Sterling Camp might discharge his indebtedness to his brother was to pay it "from his one-half interest in the partnership business". So long as the record title to his undivided one-half interest in the partnership property remained in his brother, Tom, he could not use that interest for the purpose of discharging the agreed indebtedness to his brother. His undivided one-half interest in the partnership property being of the value of $75,000, if he could prove the fraudulent character of the conveyances and have title revested in him to his one-half interest in the property, he could discharge the indebtedness to his brother and have remaining in him an interest of the value of $45,000. Plaintiff claimed, and the evidence which he offered tended to show, that these conveyances were made for the purpose of enabling Tom Camp to handle the business, make contracts and perform all other things

necessary in the conduct of the business during a contemplated absence of Sterling Camp in New Mexico, where he intended going in the hope of restoring his health. If plaintiff had been permitted to develop this theory of his case independently of the written agreement of November 15, 1941, his evidence might have been sufficient to convince the court that these conveyances were the result of fraudulent representations made to him and to his wife, Effie, by Tom Camp and that the execution thereof was in no wise dependent on the invalidity of the written agreement. Whether an oral agreement by Tom to reconvey is void under statute of frauds would be immaterial.

I think there can be no question under the record in this case that Sterling L. Camp was guilty of false swearing in his divorce action, but since he did not appear as a witness in the trial of that case but merely verified the petition containing the necessary allegations, it is possible, if not probable, that he was unaware of the facts stated in the petition to which he was making affidavit. At the time of the trial of the divorce action Sterling Camp was lying on an ambulance cot in the courthouse yard and the only witness in his behalf in the divorce proceeding was his brother Tom. Whatever may have been the moral turpitude of Sterling Camp in his divorce and alimony proceeding with his wife, it is evident from the record, in view of his physical and mental condition, that the actuating force behind him was his brother Tom.

I have no objection to the rule of equity stated nor to its application under proper circumstances. The cases cited and relied upon as to the application of the rule of equity applied very greatly in the fact situations involved. The application of the rule should only be made under proper circumstances. None of the cases cited, in my judgment, present a comparable fact situation to the one before us. The result obtained by our opinion is very inequitable. Though the rule may be applied under some circumstances as between those who co-operated in misconduct it should not be applied where, as here, the one in whose favor it is applied imposed on the other.

I think the error of the trial court in limiting Sterling Camp to evidence tending to establish the invalidity of the account stated and basing its judgment, so far as substantive evidence in the case is concerned, upon his failure to establish to the satisfaction of the court the invalidity of said instrument, is grounds for reversal. By this ruling of the trial court Sterling was precluded from showing any fraud practiced upon him and his wife to induce their joint execution of the instruments which deprived him and her of the record title to an interest in the partnership property. Sterling Camp may deserve the punishment which the judgment of the trial court, and its affirmance by this court, visited upon him as to the purported $30,000 indebtedness to his brother, but I think the taking from him of his remaining $45,000 interest in the partnership property is a punishment not deserved under the facts disclosed by this record.